IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GEORGE GARCIA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | NO. 3:13-CV-769-K (BF) |
| | § | |
| CAROLYN W. COLVIN, | § | |
| Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff George Garcia brings this action for judicial review of the Commissioner of Social Security's ("Commissioner's") final decision denying his claim for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Title II and Title XVI of the Social Security Act (the "Act") pursuant to 42 U.S.C. § 405(g). For the following reasons, the District Court should REVERSE the Commissioner's decision.

**Background**

Plaintiff alleges that he is disabled due to a variety of ailments, including human immunodeficiency virus (HIV"), liver problems, high blood pressure, and depression. After his applications for DIB and SSI were denied initially and on reconsideration, Plaintiff requested a hearing before an administrative law judge. That hearing was held on September 11, 2012. At the time of the hearing, Plaintiff was 52 years old. He is a high school graduate and has past work experience as a parts clerk, a cashier, and an assistant manager. Plaintiff has not engaged in substantial gainful activity since April 19, 2011.

The ALJ found that Plaintiff was not disabled and therefore not entitled to DIB or SSI. Although the medical evidence established that Plaintiff suffered from HIV and untreated hepatitis, the judge concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations. The ALJ further determined that Plaintiff had the residual functional capacity ("RFC") to perform all of his past relevant work and, therefore, was not disabled. Plaintiff appealed that decision to the Appeals Council. The Council affirmed. Plaintiff then filed this action in federal district court.

## Legal Standards

A claimant must prove that he is disabled for purposes of the Social Security Act to be entitled to social security benefits. *Leggett v. Chater*, 67 F.3d 558, 563-64 (5th Cir. 1995); *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988). The definition of disability under the Act is "the inability to engage in any substantial gainful activity by reason of any medically-determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992).

The Commissioner utilizes a sequential five-step inquiry to determine whether a claimant is disabled. Those steps are that:

(1) an individual who is working and engaging in substantial gainful activity will not be found disabled regardless of medical findings;

(2) an individual who does not have a "severe impairment" will not be found to be disabled;

> (3) an individual who meets or equals a listed impairment in Appendix 1 of the regulations will be considered disabled without consideration of vocational factors;
>
> (4) if an individual is capable of performing the work the individual has done in the past, a finding of "not disabled" will be made; and
>
> (5) if an individual's impairment precludes the individual from performing the work the individual has done in the past, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed.

*Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (citing *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990) (paraphrasing 20 C.F.R. § 404.1520(b)-(f)).

The burden of proof lies with the claimant to prove disability under the first four steps of the five-step inquiry. *Leggett*, 67 F.3d at 564. The burden of proof shifts to the Commissioner at step five of the inquiry to prove that other work, aside from the claimant's past work, can be performed by the claimant. *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994) (citing *Anderson v. Sullivan*, 887 F.2d 630, 632-33 (5th Cir. 1989)). If the Commissioner demonstrates that other jobs are available to the claimant, the burden of proof shifts back to the claimant to rebut such a finding. *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990).

The Commissioner's determination is afforded great deference. *Leggett*, 67 F.3d at 564. Judicial review of the Commissioner's findings is limited to whether the decision to deny benefits was supported by substantial evidence and to whether the proper legal standard was utilized. *Greenspan*, 38 F.3d at 236; 42 U.S.C.A. § 405(g). Substantial evidence is defined as "that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance." *Leggett*, 67 F.3d at 564. The

reviewing court does not re-weigh the evidence, retry the issues, or substitute its own judgment, but rather scrutinizes the record as a whole to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236.

**Issues**

Plaintiff's appeal raises the following issues:

1. Whether the ALJ failed to properly consider a medical source statement from his treating physician; and

2. Whether evidence submitted to the Appeals Council diluted the record such that the ALJ's decision is not supported by substantial evidence.

**Analysis**

Plaintiff's principal argument is that these proceedings must be remanded to allow proper consideration of a physical RFC assessment prepared by his treating physician Dr. Sarah Shelby Etherton. The record reflects that Dr. Etherton began treating Plaintiff in August 2011. (*See* Tr. at 332). On September 20, 2012, Dr. Etherton completed a Physical RFC Questionnaire indicating that Plaintiff's dizziness and chronic pain caused significant functional limitations. (*Id*. at 901-03). Specifically, Dr. Etherton found that Plaintiff could not stand or walk for any length of time and that he would occasionally need to change positions, elevate his legs, and take rest breaks during the work day. (*Id.* at 901, 903). She also found that Plaintiff would probably miss work four or more days a month due to exacerbations of pain. (*Id.* at 903). Dr. Etherton limited Plaintiff to only occasionally lifting and carrying objects weighing less than ten pounds and occasionally bending, squatting, climbing, reaching, or kneeling. (*Id*. at 902). Plaintiff's counsel mailed Dr. Etherton's RFC assessment to the Commissioner's Dallas office on September 27, 2012. (*Id*. at 900). The ALJ

issued her written decision the next day. (*Id.* at 17, 26). In her decision, which did not mention Dr. Etherton's opinion, the ALJ determined that Plaintiff had the RFC to lift and carry ten pounds frequently and twenty pounds occasionally and stand and/or walk for six hours in an eight-hour workday. (*Id.* at 23). The ALJ also found that Plaintiff could occasionally crouch and climb ramps and stairs and could frequently stoop, kneel, and crawl. (*Id.* at 23-24). Accordingly, the ALJ found that Plaintiff was capable of performing his past relevant work as a parts clerk, a cashier, and an assistant manager and, thus, was not disabled. (*Id*. at 25, 26).

Plaintiff first contends that remand is required because the ALJ erred in ignoring the opinions of his treating physician. (Pl. Br. at 7-9). However, this contention is without merit because the record does not establish that the ALJ received Dr. Etherton's physical RFC assessment before the judge issued her opinion. As Plaintiff's counsel did not mail Dr. Etherton's assessment to the Commissioner's office until the day before the opinion issued (*see* Tr. at 900), the Court cannot presume that the evidence was properly before the ALJ when she made her decision.

Conceding that it is "plausible" that the ALJ did not receive Dr. Etherton's opinions in time to incorporate them into her written decision, Plaintiff next argues that remand is required because the Appeals Council improperly ignored his treating physician's opinions and rejected them without good cause. (Pl. Br. at 10). The Act, read in conjunction with the enabling regulations, requires the Appeals Council to consider new evidence presented for the first time in a request for review. *Rodriguez v. Barnhart*, 252 F. Supp. 2d 329, 336 (N.D. Tex. 2003) (citing 20 C.F.R. § 404.970(b)); *see also Carry v. Heckler*, 750 F.2d 479, 486 (5th Cir. 1985) (all evidence, including new evidence, must be reviewed by Appeals Council in making its decision). New evidence justifies a remand only if it is material. *See Castillo v. Barnhart*, 325 F.3d 550, 551-52 (5th Cir. 2003); *Moore v. Astrue*,

No. 3:07-CV-2017-B, 2009 WL 5386134, at *3 (N.D. Tex. Nov. 13, 2009), *rec. adopted*, 2010 WL 165992 (N.D. Tex. Jan. 13, 2010).  Evidence is "material" if: (1) it relates to the time period for which the disability benefits were denied; and (2) there is a reasonable probability that it would have changed the outcome of the disability determination.  *See Moore*, 2009 WL 5386134, at *3 (citing *Castillo*, 325 F.3d at 551-52). If new evidence is presented while the case is pending review by the Appeals Council, a court will review the record as a whole, including the additional evidence, to determine whether the Commissioner's findings are still supported by substantial evidence. *Higginbotham v. Barnhart*, 163 F. App'x 279, 281-82 (5th Cir. 2006); *see also Jones v. Astrue*, 228 F. App'x 403, 406-07 (5th Cir. 2007) (warning against remanding cases based on new evidence presented to the Appeals Council without meaningful regard for the substantial evidence standard).

Here, Plaintiff has established that the new evidence is material.  In her assessment, Dr. Etherton opined that Plaintiff can only sit for eight hours during a work day and that he can only occasionally lift up to ten pounds.  (Tr. at 901).  This opinion, which is presumptively entitled to controlling weight, *see* 20 C.F.R. § 404.1527(c)(2) and *Spellman v. Shalala*, 1 F.3d 357, 364 (5th Cir.1993), indicates that Plaintiff is more limited than the ALJ allowed in her decision.  If accepted, Dr. Etherton's opinions could establish that Plaintiff has the RFC only for sedentary work or less.[1] At the hearing, the vocational expert testified that Plaintiff would not be able to perform any of his past relevant work if he was limited to a sedentary RFC.  (Tr. at 50).  Thus, Dr. Etherton's opinion is so inconsistent with the ALJ's findings that it undermines the resulting disability determination. Accordingly, this case must be remanded for proper consideration of Dr. Etherton's September 20,

---

[1] Sedentary work requires "lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools." 20 C.F.R. § 404.1567(a). "Although a sedentary job is defined as one which involves sitting, [occasional] walking and standing is often necessary in carrying out job duties." *Id.*

2012 RFC assessment.[2] *Powell v. Colvin*, No. 3:12-CV-1489-BH, 2013 WL 5433496, at *10-11 (N.D. Tex. Sept. 30, 2013) (new evidence submitted to Appeals Council in the form of a treating physician's opinion that plaintiff had greater limitations than those determined by ALJ diluted record such that ALJ's decision was not supported by substantial evidence); *Baughman v. Colvin*, No. 3:12-CV-02475-BK, 2013 WL 2156037, at *5-6 (N.D. Tex. May 19, 2013) (same); *James v. Astrue*, No. 3-11-CV-0136-BD, 2012 WL 920014, at *6 (N.D. Tex. Mar. 19, 2012) (same); *Booker v. Astrue*, No. 3:10-CV-1940-P-BF, 2011 WL 4031096, at *8 (N.D. Tex. Aug.15, 2011), *rec. adopted*, 2011 WL 4048408 (N.D. Tex. Sept. 12, 2011) (same).

## RECOMMENDATION

The Court recommends that the District Court REVERSE the final decision of the Commissioner and REMAND this case for further proceedings consistent with this opinion.

SO RECOMMENDED, March 7, 2014.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

---

[2] By recommending that this case be remanded for further administrative proceedings, the Court does not suggest that Plaintiff is or should be found disabled.

7

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of the Findings, Conclusions, and Recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify the part of the findings, conclusions, and recommendation to which an objection is being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections within 14 days after being served with a copy of the Findings, Conclusions, and Recommendation shall bar the aggrieved party from appealing the legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).